

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*      973-645-2700
*Newark, New Jersey 07102*

November 21, 2024

Michael Peter Rubas, Esq.
Rubas Law Office
26 Journal Square Suite 300
Jersey City, NJ 07306
Michael@RubasLawOffices.com

       Re:    <u>Plea Agreement with Jayson Rodriguez Lopez</u>

Dear Counsel:

     This letter sets forth the plea agreement between your client, Jayson Rodriguez Lopez ("Rodriguez Lopez" or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on December 9, 2024, if it is not accepted in writing by that date. If Jayson Rodriguez Lopez does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

     Conditioned on the understandings specified below, this Office will accept a guilty plea from Rodriguez Lopez to a one-count Information, which charges Rodriguez Lopez with using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). If Rodriguez Lopez enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Rodriguez Lopez for conspiring to commit or committing robbery or for his possession or use of a firearm as described in the Amended Complaint pending against Rodriguez Lopez in Magistrate Number 21-11216.

     But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Rodriguez Lopez even if the applicable statute of limitations period for those charges expires after Rodriguez Lopez signs this agreement, and Rodriguez Lopez agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 924(c)(1)(A) to which Rodriguez Lopez agrees to plead guilty carries a statutory mandatory minimum prison sentence of 7 years and a maximum sentence of life imprisonment.

The sentence to be imposed upon Rodriguez Lopez is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Rodriguez Lopez ultimately will receive.

Further, in addition to imposing any other penalty on Rodriguez Lopez, the sentencing judge as part of the sentence:

(1) will order Rodriguez Lopez to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Rodriguez Lopez to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;

(4) pursuant to 18 U.S.C. § 3583 may require Rodriguez Lopez to serve a term of supervised release of not more than 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Rodriguez Lopez be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Rodriguez Lopez may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, or Victim and Witness Protection Act, 18 U.S.C. § 3663, Rodriguez Lopez agrees to pay full restitution to the victims of the offense of conviction or from the

scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of that offense.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Rodriguez Lopez agrees to forfeit to the United States all of his right, title, and interest in any property, real or personal, possessed in furtherance of or in connection with Count One of the Information.

Rodriguez Lopez waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Rodriguez Lopez understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Rodriguez Lopez of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Rodriguez Lopez waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Rodriguez Lopez further understands that Rodriguez Lopez has no right to demand that any forfeiture of Rodriguez Lopez's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Rodriguez Lopez in addition to forfeiture.

Rodriguez Lopez further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Rodriguez Lopez fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Rodriguez Lopez has intentionally failed to disclose assets on his Financial Disclosure Statement, Rodriguez Lopez agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Rodriguez Lopez by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to

sentencing, favorable or otherwise.  And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Rodriguez Lopez's activities and relevant conduct with respect to this case.

Stipulations

This Office and Rodriguez Lopez will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement.  Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations.  Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office.  A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly.  Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Rodriguez Lopez waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Rodriguez Lopez understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in Rodriguez Lopez being subject to immigration proceedings and removed from the United States by making Rodriguez Lopez deportable, excludable, or inadmissible, or ending Rodriguez Lopez's naturalization.  Rodriguez Lopez understands that the immigration consequences of this plea will be imposed in a separate

proceeding before the immigration authorities. Rodriguez Lopez wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Rodriguez Lopez's removal from the United States. Rodriguez Lopez understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Rodriguez Lopez waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Rodriguez Lopez also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Rodriguez Lopez. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Rodriguez Lopez from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Rodriguez Lopez and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

        Very truly yours,

        PHILIP R. SELLINGER
        United States Attorney

By: INGRID EICHER
   Assistant U.S. Attorney

APPROVED:

Samantha C. Fasanello
Chief, Narcotics/OCDETF Unit

I have received this letter from my attorney, Michael Peter Rubas, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____         Date:  6-30-25
Jayson Rodriguez Lopez

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____         Date:  6-30-25
Michael Peter Rubas, Esq.
Counsel for Defendant

<u>Plea Agreement With Jayson Rodriguez Lopez</u>

<u>Schedule A</u>

     1.    This Office and Jayson Rodriguez Lopez ("Rodriguez Lopez" or the "Defendant") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

     2.    On or about December 12, 2020, in Essex County, in the District of New Jersey, Rodriguez Lopez did knowingly brandish a firearm during and in relation to a crime of violence, for which he may be prosecuted in a court of the United States, that is, Hobbs Act Robbery; in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii).

     3.    The version of the Guidelines effective November 1, 2023 applies in this case.

     4.    The applicable guideline is U.S.S.G. § 2K2.4. Under this guideline, if the Defendant is convicted of violating Title 18, United States Code, Section 924(c), the guideline sentence is the minimum term of imprisonment required by statute. Chapters Three and Four shall not apply to that count of conviction.

     5.    Title 18 United States Code, Section 924(c)(1)(A)(ii), mandates a term of imprisonment of not less than seven years.

     6.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

        a. Any proceeding to revoke the term of supervised release.

        b. A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

        c. An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).